**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**LINDA MALLERY MCLEAN,**

Plaintiff,

v.

**PINE EAGLE SCHOOL DISTRICT, NO. 61; JOHN MINARICH, MARK BUTLER, WILLIAM JOHNSON, DAVID SCHMITT, DWIGHT SAUNDERS, ROBERT SEAL, MICHAEL CORLEY, CAMMIE DECASTRO, and SHAWN THATCHER, in their individual and official capacities; and ALPINE ALARM COMMUNICATIONS AND CONSTRUCTION, LLC, an Oregon limited liability company,**

Defendants.

Case No. 3:15-cv-654-SI

**OPINION AND ORDER**

Ralph E. Wiser, WISER & ASSOCIATES, One Centerpointe Drive, Suite 570, Lake Oswego, OR 97035; Roderick Boutin, BOUTIN & ASSOCIATES, PC, 5005 Meadows Road, Suite 405, Lake Oswego, OR 97035; Cody B. Hoesly, LARKINS VACURA, LLP, 121 S.W. Morrison Street, Portland, OR 97204. Of Attorneys for Plaintiff Linda Mallery McLean.

Karen M. Vickers and Blake H. Fry, MERSEREAU SHANNON LLP, One S.W. Columbia Street, Suite 1600, Portland, OR 97258. Of Attorneys for Defendants Pine Eagle School District, No. 61; John Minarich; Mark Butler; William Johnson; David Schmitt; Dwight Saunders; Robert Seal; Michael Corley; Cammie DeCastro; and Shawn Thatcher.

David R. Auxier, COUGHLIN & LEUENBERGER, PC, Post Office Box 1026, Baker City, OR 97814. Of Attorneys for Defendant Alpine Alarm Communications and Construction, LLC.

**Michael H. Simon, District Judge.**

Plaintiff Linda Mallery McLean ("McLean") brought various federal constitutional claims under 42 U.S.C. § 1983 ("§ 1983") as well as Oregon common law claims, arising out of an unannounced active shooter drill that took place at the school where she was a teacher. The Court granted summary judgment against McLean's § 1983 claims and denied summary judgment against McLean's common law claims. Before the Court is McLean's Motion for Entry of Final Judgment as to her § 1983 Claims under Federal Rule of Civil Procedure 54(b). For the reasons that follow, McLean's Motion is granted.

## STANDARDS

Rule 54(b) of the Federal Rules of Civil Procedure states:

> JUDGMENT ON MULTIPLE CLAIMS OR INVOLVING MULTIPLE PARTIES. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

In considering a motion for entry of final judgment under Rule 54(b), a "district court must first determine that it has rendered a 'final judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)). If a district court determines that it has rendered a final judgment for purposes of Rule 54(b), the court must then determine whether any just reason for

delay exists. *Id.* at 878. "[A] district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp.*, 446 U.S. at 8. Courts in the Ninth Circuit apply a "pragmatic approach" to Rule 54(b) certification, "focusing on severability and efficient judicial administration." *Cont'l Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519, 1525 (9th Cir. 1987).

**BACKGROUND**

McLean is a former school teacher with the Pine Eagle School District, No. 61 ("Pine Eagle"), located in Halfway, Oregon. On April 17, 2015, McLean filed this lawsuit against Pine Eagle and several of the school district's administrators, employees, and school board members, as well as a private corporation.[1]

McLean's claims arise from an unannounced active shooter drill that took place at the Pine Eagle Charter School on April 26, 2013. On the afternoon of April 26th, one school board member and one school employee donned paintball masks to disguise their identities and entered the school building carrying firecrackers and starter pistols. Inside the building, the employee lit a firecracker near the main entrance and proceeded down a hallway toward McLean's classroom. McLean was in her classroom alone, sitting at her desk reading emails, when she heard a loud bang. McLean turned and saw the masked employee come into her room. The employee pointed a starter pistol at McLean while standing about twelve feet away from her and pulled the trigger. The starter pistol let off a loud bang and filled the room with smoke. According to McLean, she did not immediately recognize the employee, nor did she realize that the situation was merely a

[1] The private corporation filed a separate response joining in the response submitted by the school district's administrators, employees, and school board members. *See* ECF 57. The Court will refer to all remaining defendants as "Defendants."

drill. The gun looked real to McLean, and she thought that she was going to die. The employee was only in McLean's room for several seconds before he ran out.

McLean originally asserted four federal civil rights claims under § 1983, including violations of substantive due process, procedural due process, unreasonable seizure, and "failure to train." After Defendants moved for summary judgment, McLean agreed to dismiss her procedural due process claim, and the Court dismissed her remaining claims under § 1983. ECF 38 at 17; ECF 48 at 34.[2] The Court concluded that McLean did not have a valid substantive due process claim because she did not argue that she "suffered physical pain or bodily injury." ECF 48 at 12. McLean's unreasonable seizure claim was unsuccessful because "no show of authority occurred and a reasonable person would have felt free to leave under the circumstances." ECF 48 at 21. McLean's "failure to train" theory was not a legally cognizable claim. ECF 48 at 9-10. Finally, the Court denied Defendants' motion for summary judgment with regard to McLean's two common law claims, intentional infliction of emotional distress and civil assault.

## DISCUSSION

McLean seeks to appeal the Court's grant of summary judgment against her § 1983 claims and asks the Court to certify those claims under Rule 54(b).[3] To grant a Rule 54(b) motion, a district court must determine that a there has been an ultimate disposition of an individual claim entered in the course of a multiple claims action and no just reason for delay

---

[2] McLean also originally sued five additional school board members. Before any Defendant responded to the Complaint, McLean dismissed one of the board members from this lawsuit. ECF 15. In her response to their motions for summary judgment, she conceded that the four other board members "had nothing to do with the active shooter drill." ECF 38 at 57 n.2. Accordingly, the Court dismissed the four additional board members from this action. ECF 48 at 4 n.1.

[3] McLean does not seek to appeal the portion of the ruling dismissing several defendants.

exists. For the following reasons, the Court finds that these two requirements have been met and certifies McLean's § 1983 claims for interlocutory appeal.

**A. Finality of the Judgment and Number of Claims**

The Court's Opinion and Order granting partial summary judgment was final in that it conclusively disposed of four of McLean's theories of recovery under § 1983, but the parties dispute, for Rule 54(b) purposes, whether the dismissed claims were distinct from the common law claims that the Court allowed to proceed. The Court finds that this is a multiple claims case.

Despite the fact that McLean asserted four federal civil rights claims and two common law claims in her complaint, Defendants argue that McLean only has one claim for purposes of Rule 54(b) because all of her theories of recovery arise from the same set of operative facts, the unannounced active shooter drill. Defendants cite to *CMAX, Inc. v. Drewry Photocolor Corp.*, 295 F.2d 695 (9th Cir. 1961), and *Hasbrouck v. Sheet Metal Workers Local 232*, 586 F.2d 691 (9th Cir. 1978), to support their contention that McLean has brought only a single claim and therefore Rule 54(b) certification is not appropriate. The Ninth Circuit has, however, clarified that this argument relies on an "outdated and overly restrictive view of the appropriateness of Rule 54(b) certification." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991). Under current Ninth Circuit law, "[t]he Rule 54(b) claims do not have to be separate from and independent of the remaining claims" in order for certification to be appropriate. *Sheehan v. Atlanta Int'l Ins. Co.*, 812 F.2d 465, 468 (9th Cir. 1987). Rule 54(b) certification may be appropriate even when the appealed claims and the remaining claims "require proof of the same facts." *Texaco, Inc.*, 939 F.2d at 798. Therefore, the fact that all of McLean's § 1983 claims arise from the same unannounced active shooter drill does not bar Rule 54(b) certification.

Defendants also rely on *Wood*, 422 F.3d at 882, and *Lowery v. Federal Express Corp.*, 426 F.3d 817, 819-20 (6th Cir. 2005), to support their argument that McLean did not bring more

than one claim for relief. In *Lowery*, the Sixth Circuit found that a Title VII unlawful retaliation claim and a breach of contract claim were the same claim because they arose from the same underlying retaliatory action taken by the employer. *Id.* at 821. The "alleged breach of contract *was* the retaliation." *Id.* Similarly, in *Wood*, a plaintiff asserted state and federal wrongful demotion and constructive discharge claims after her employer allegedly demoted her due to her age and she resigned. *Id.* at 876-77. In *Wood*, the Ninth Circuit held that the plaintiff's two theories for relief were "not truly separable," finding that "the factual issues overlap[ped] *entirely*—not just substantially; and the only legal right asserted [was] the right not to be discriminated against on account of age." *Id.* at 881-82 (emphasis added).

Neither *Wood* nor *Lowery* are controlling here. McLean alleges violations of multiple constitutional rights, not the single legal right asserted in *Wood*. In this case, "the aggregate of operative facts that give rise to each of the rights to be vindicated are sufficiently separate to confer jurisdiction despite the presence of some overlap." *Planned Parenthood Sw. Ohio Region v. DeWine*, 696 F.3d 490, 502 (6th Cir. 2012); *see also U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 594-95 (6th Cir. 2013) (finding the analysis of *Lowery* unpersuasive in cases involving the vindication of multiple constitutional rights). The constitutional rights to be free from deprivations of substantive due process and unreasonable seizures *by the state* are distinct from common law protections against assault and intentional infliction of emotional distress *by individual citizens*. Further, McLean's constitutional claims would require a jury to determine distinct factual issues such as whether she "was deprived of a protected liberty interest," whether the employee made a "show of authority," and whether "a reasonable person would have felt free to leave." ECF 60 at 4. A jury would not necessarily need to consider these issues in order to render a verdict on McLean's common law claims. Although the § 1983 claims and the common

law claims overlap, they do not overlap "entirely." Therefore, neither *Wood*, nor *Lowery*, prohibit certification of the § 1983 claims.

This action presented six claims for relief when it was originally filed, and the Court's opinion and order was an ultimate disposition of four of those claims. Therefore, the Court's grant of summary judgment dismissing the § 1983 claims is certifiable.

**B. Judicial Administrative Interests and Equities**

The certification of the grant of partial summary judgment furthers judicial administrative interests and the equities in this case. When the Ninth Circuit resolves the § 1983 claims, this case may well settle. As the Supreme Court has made clear, certification may be justified on "a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims," even when there is a "possibility that an appellate court would have to face the same issues on a subsequent appeal." *Curtiss-Wright Corp.*, 446 U.S. at 8 n.2; *see also Alcan Aluminum Corp. v. Carlsberg Fin. Corp.*, 689 F.2d 815, 817 (9th Cir. 1982) (upholding Rule 54(b) certification where it could "facilitate settlement of the remaining claims").

Rule 54(b) certification of the § 1983 claims may encourage settlement of this case by helping the parties determine the value of the suit. The § 1983 claims offer the potential for a much larger recovery than do the remaining state law claims because the § 1983 claims lack a statutory damages cap under state law and allow the prevailing party to seek attorney's fees under 42 U.S.C. § 1988(b). *See* Or. Rev. Stat. § 30.269 (limiting damages under the Oregon Tort Claims Act). An affirmance of the grant of summary judgment may encourage McLean to settle her remaining claims and not proceed to trial because she and her attorneys would stand to recover much less from Defendants if McLean were to prevail only on her common law claims. On the other hand, a reversal of the grant of summary judgment may encourage Defendants to settle in order to prevent McLean from incurring further attorney's fees, which would be

recoverable if McLean were to prevail on her constitutional claims. During the time when the fate of McLean's constitutional claims is uncertain, the parties likely will continue to have widely divergent views on the value of this lawsuit, making settlement unlikely.

Moreover, the remaining claims are ready for trial, but due to the Court's calendar, a trial on those claims is unlikely to occur until the second half of 2017. *Cf. DC Comics v. Pac. Pictures Corp.*, 2012 WL 6086928, at *2 (C.D. Cal. Dec. 5, 2012) (granting Rule 54(b) certification where "little [was] left for [the] Court to do while the various claims remain[ed] on appeal"). Because judicial administrative interests support certification of the § 1983 claims, the Court certifies the § 1983 claims for interlocutory appeal.

**CONCLUSION**

Plaintiff's Motion for Entry of Final Judgment as to Plaintiff's 42 U.S.C. § 1983 Claims Under Federal Rule of Civil Procedure 54(b) (ECF 49) is GRANTED.

**IT IS SO ORDERED**.

DATED this 29th day of September, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge